UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JAMES M., <br>       Plaintiff, <br> <br> v. <br> <br> KILOLO KIJAKAZI, Acting Commissioner <br> of the Social Security Administration, <br>       Defendant. | ) <br> ) <br> ) <br> ) CAUSE NO.: 4:21-CV-72-JVB <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

Plaintiff James M. seeks judicial review of the Social Security Commissioner's decision denying his application for disability insurance benefits and asks this Court to reverse that decision and remand this matter for an award of benefits or, alternatively, for further administrative proceedings. For the reasons below, this Court grants Plaintiff's alternative request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

**PROCEDURAL BACKGROUND**

In Plaintiff's July 30, 2019 application for benefits, he alleged that he became disabled on December 1, 2014. After an October 20, 2020 hearing and an April 27, 2021 supplemental hearing, an Administrative Law Judge (ALJ) issued a decision on June 1, 2021, and found that Plaintiff suffered from the severe impairments of deratoconus of the right eye, optic atrophy of the left eye, and coronary artery disease (AR 12). The ALJ determined that Plaintiff did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and further determined that Plaintiff had

> the residual functional capacity [RFC] to perform light work . . . except that the claimant could never climb ladders, ropes or scoffolds. The claimant was able to avoid ordinary hazards in the workplace with no assembly line work that involved

>objects moving from the left. The claimant could never work at unprotected heights; never work around moving mechanical parts; and never operate a motor vehicle. The claimant could have no concentrated exposure to extreme heat, vibration, odors, fumes or dust.

(AR 14). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was unable to perform any past relevant work but was able to perform the representative occupations of lab sample carrier, information clerk, and office helper. (AR 17-18). Accordingly, the ALJ found Plaintiff to be not disabled from December 1, 2014, through December 31, 2014, which is the date Plaintiff last met the insured status requirements of the Social Security Act. (AR 19).

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

2

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff asserts that the ALJ's decision cannot stand due to the rejection of the impartial medical expert's opinion and due to errors at step five. The Court finds Plaintiff's argument regarding the expert well-taken and remands on that basis.

### A. Impartial Medical Expert

Plaintiff maintains that the ALJ's rejection of his own testifying expert's opinion that Plaintiff was disabled was arbitrary and unsupported. "As a general rule, an ALJ is not required to credit the agency's examining physician in the face of . . . compelling evidence. . . . But rejecting or discounting the opinion of the agency's own examining physician that the claimant is disabled, as happened here, can be expected to cause a reviewing court to take notice and await a good explanation for this unusual step." *Beardsley v. Colvin*, 758 F.3d 834, 839 (7th Cir. 2014).

Plaintiff has keratoconus and has had retinal problems due to vascular disease in both eyes. His left eye is much worse than his right eye, and he can only see clearly in his right eye, in which he wears a hard contact lens in order to obtain clear vision. (AR 38).

At the supplemental administrative hearing, Dr. Bernard Zuckerman testified as an impartial ophthalmological expert. (AR 37-48). The ALJ acknowledged that Dr. Zuckerman testified that it could be reasonable for Plaintiff to miss 1-2 days of work per month when he could not wear his contact lens. (AR 17); *accord* (AR 46)). However, the ALJ then made the *non sequitur* statement that Dr. Zuckerman testified that use of hard contact lenses is a very rare treatment for the common condition of keratoconus. (AR 17). This general statement has no bearing on whether the hard contact lens is the prescribed treatment for Plaintiff's specific case. It is. Dr. Zuckerman

3

indicated that, for Plaintiff specifically, Plaintiff's vision is only corrected by "an old-fashioned hard contact lens" and that soft lenses and glasses did not correct Plaintiff's vision. (AR 38, 40-41). The general course of treatment for keratoconus is not a good explanation for the ALJ's decision to disregard Dr. Zuckerman's opinion.

Further, the ALJ found that Plaintiff did not have issues with his contact lens prior to the date last insured, *see* (AR 17), but there is evidence in the record of issues with his right eye contact predating his date last insured by several years, *see* (AR 359-64 (noting problems with Plaintiff's contact from 2006 through at least 2016)). Granted, this evidence is from Plaintiff's ex-wife and not from a medical source, but in evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. § 404.1545(a)(3).

The ALJ nowhere addresses this evidence, and his statement that "[t]here is no mention in the record prior to the date last insured of the claimant having trouble using contact lenses" suggests that the ALJ may have overlooked the ex-wife's letter in its entirety. (AR 16). The ALJ is not free to ignore an entire line of evidence that runs counter to his decision. *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011). Given this evidence, the Court cannot be assured that the ALJ considered the important evidence in reaching his decision. The ALJ erred.

Remand is required because the ALJ's error is not harmless. According to the testimony of the vocational expert, one or two absences per month would not be tolerated by an employer, so this degree of absenteeism would prevent a person from performing any jobs in the national economy. (AR 55-56).

Though Plaintiff has requested remand for an award of benefits, the appropriate relief is the alternative request for remand for further administrative proceedings because the Court cannot

say that "all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011).

Plaintiff requests that this case be assigned to a different ALJ on remand given the ALJ's rejection of his own expert's opinion on a basis that was easily undermined on review of the record. The Court will recommend that the Commissioner assign this case to a different ALJ on remand.

## B. Step Five

Plaintiff also argues that the 56,200 jobs identified by the vocational expert do not amount to a "significant" number of jobs in the national economy, so the Commissioner has not met her burden at step five of the sequential process. There is little guidance from the Seventh Circuit Court of Appeals regarding at what threshold the "significant number" of jobs in the national economy is met.

In *James A. v. Saul*, this Court determined that 14,500 jobs in the national economy (which the VE testified were the *only* jobs available and not just the jobs of *representative* occupations), was not a significant number of jobs. 471 F. Supp. 3d 856, 859-60 (N.D. Ind. 2020). The *James A.* decision was based on the fact that the number of jobs—14,500—were "far below any national number of jobs that the Seventh Circuit Court of Appeals has determined to be significant" [CITE]. The Court also declined to follow *Sally S.*, a case which Plaintiff cites in the instant matter, noting that it is likely an outlier. *Id.* at 860 (citing *Weatherbee v. Astrue*, 649 F.3d 565 (7th Cir. 2011); *Primm v. Saul*, 789 F. App'x 539, 546 (7th Cir. 2019)).

Perhaps 56,200 jobs is close to the line of significance, but the matter is immaterial because this case is being remanded on other grounds. Further, unlike in *James A.*, these 56,200 jobs are representative jobs and not the only ones available to a person with Plaintiff's RFC. (AR 55). The

Court declines to order remand on this basis as a definitive determination is not necessary in light of the error regarding the medical expert's opinion.

## CONCLUSION

Based on the above, the Court hereby **GRANTS** the alternative relief requested in Plaintiff's Brief, **REVERSES** the decision of the Commissioner of the Social Security Administration, and **REMANDS** this matter for further administrative proceedings. The Court **RECOMMENDS** that a different ALJ be assigned to this case on remand.

SO ORDERED on November 4, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT